1  THEODORE HADZI-ANTICH, CA Bar. No. 264663
2  E-mail: tha@texaspolicy.com
3  TEXAS PUBLIC POLICY FOUNDATION
4  901 Congress Avenue
5  Austin, Texas 78701
6  Telephone: (512) 472-2700
7  Facsimile:  (512) 472-2728
8
9  Attorneys for Plaintiffs,
10 Liberty Packing Company, LLC, et al
11
12              UNITED STATES DISTRICT COURT
13          FOR THE EASTERN DISTRICT OF CALIFORNIA
14
15 LIBERTY PACKING COMPANY, LLC,          No. _____
16 NUCKLES OIL CO., INC. D/B/A
17 MERIT OIL COMPANY, NORMAN R.
18 "SKIP" BROWN, DALTON TRUCKING          **PETITION FOR**
19 COMPANY, INC., CONSTRUCTION            **WRIT OF MANDAMUS**
20 INDUSTRY AIR QUALITY COALITION,
21 ROBINSON INDUSTRIES, INC.,
22              *Plaintiffs*,
23
24 v.
25
26 UNITED STATES ENVIRONMENTAL
27 PROTECTION AGENCY, MICHAEL S. REGAN,
28 in his official capacity as Administrator of the
29 Environmental Protection Agency,
30              *Defendants*.

1

**INTRODUCTION**

2       1.      This is a civil action seeking a writ of mandamus, arising under the

3   Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, alleging Defendants' failure

4   to comply with their nondiscretionary duty to rule on Plaintiffs' petition for

5   rulemaking without unreasonable delay.

6       2.      Plaintiffs seek a writ of mandamus to the United States Environmental

7   Protection Agency and Michael S. Regan, the Administrator of the United States

8   Environmental Protection Agency, ordering them to comply with their

9   nondiscretionary duty to Plaintiffs under the Administrative Procedure Act, 5 U.S.C.

10  §§ 551 *et seq.*, by issuing a definitive ruling on the pending petition for rulemaking.

11      3.      Plaintiffs seek an award of attorneys' fees, costs, and expenses, as

12  authorized by law.

13

**JURISDICTION**

14      4.      Plaintiffs' claims arise under the laws of the United States, namely the

15  Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*

16      5.      This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331

17  (federal question jurisdiction), 5 U.S.C. §§ 701 *et seq.* (judicial review of federal

18  agency action), and 28 U.S.C. § 1361 (mandamus).

1    6.    A justiciable case or controversy exists between Plaintiffs and

2    Defendants.  The requested relief is proper under 5 U.S.C. § 704, 5 U.S.C. § 706,

3    and 28 U.S.C. § 1361.

4    **VENUE**

5    7.    Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1)

6    because at least one plaintiff resides in this judicial district and no real property is

7    involved in the action.

8    **PARTIES**

9    8.    Petitioner Liberty Packing Company LLC ("Liberty") is a bulk

10    processor of tomato products.  Located in California, Liberty relies on natural gas

11    boilers for production of its tomato products.  Burning natural gas creates carbon

12    dioxide as a byproduct.  Carbon dioxide is a greenhouse gas that is subject to the

13    Endangerment Finding.   Liberty petitioned the United States Environmental

14    Protection Agency to reconsider the endangerment finding in 2017 and the agency

15    has not ruled on the petition for rulemaking.

16    9.    Petitioner Nuckles Oil Co., Inc. d/b/a Merit Oil Company ("Merit Oil")

17    is a family business that has operated in California for three generations.  Merit Oil

18    stores, transports, and wholesales a variety of petroleum products, including

19    gasoline, diesel fuels, solvents, and kerosene, and operates a number of delivery

20    trucks.  Merit Oil's operations emit greenhouse gases subject to the Endangerment

Petition for Writ of Mandamus

1  Finding.  Merit Oil petitioned the United States Environmental Protection Agency

2  to reconsider the endangerment finding in 2017, and the agency has not ruled on the

3  petition for rulemaking.

4      10.    Petitioner Norman R. "Skip" Brown is an individual residing in

5  California who has been the owner of a family roadbuilding business, Delta

6  Construction Company, which went out of business in part because of regulations

7  governing carbon dioxide emissions, which are the subjects of the Endangerment

8  Finding.  Mr. Brown petitioned the United States Environmental Protection Agency

9  to reconsider the endangerment finding in 2017, and the agency has not ruled on the

10  petition for rulemaking.

11      11.    Petitioner Dalton Trucking Company, Inc. is a California corporation

12  that provides specialized transportation and off-loading services in connection with

13  which it operates numerous heavy-duty trucks that emit greenhouse gases, which are

14  the subjects of the Endangerment Finding.  Dalton Trucking Company, Inc.

15  petitioned the United States Environmental Protection Agency to reconsider the

16  endangerment finding in 2017, and the agency has not ruled on the petition for

17  rulemaking.

18      12.    Petitioner Construction Industry Air Quality Coalition ("CIAQC") is a

19  nonprofit California trade association representing the interests of other California

20  nonprofit trade associations and their members whose air emissions are regulated by

Petition for Writ of Mandamus

1    California state, regional, and local regulations, as well as federal regulations.

2    CIAQC petitioned the United States Environmental Protection Agency to reconsider

3    the endangerment finding in 2017, and the agency has not ruled on the petition for

4    rulemaking.

5       13. Petitioner Robinson Enterprises, Inc. ("Robinson") is a third-generation

6    family-owned California corporation engaged in harvesting and transportation of

7    forest products, petroleum products, and transportation of various commodities.  It

8    has suffered unnecessary financial hardship as a result of various burdensome

9    regulatory requirements.  Robinson petitioned the United States Environmental

10   Protection Agency to reconsider the endangerment finding in 2017, and the agency

11   has not ruled on the petition for rulemaking.

12      14. Defendant United States Environmental Protection Agency ("EPA") is

13   a federal agency charged with administering the Clean Air Act as part of its

14   responsibilities.  Defendant is required to rule on petitions for rulemaking as part of

15   its duties.  Defendant accepted Plaintiffs' petition for rulemaking in 2017, and has

16   yet to rule on the petition.

17      15. Defendant Michael S. Regan is an individual.  He is sued in his official

18   capacity as Administrator of the EPA, and in that capacity, is responsible for overall

19   supervision of the agency and for actions taken and failures to act by the EPA.

Petition for Writ of Mandamus

1          **LEGAL BACKGROUND**

2          16.    The Administrative Procedure Act ("the APA") provides, in relevant

3    part, that, "Each agency shall give an interested person the right to petition for the

4    issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e). This requirement of

5    a petition procedure applies to all agencies governed by the APA. 5 U.S.C. § 551(1).

6    This includes the United States Environmental Protection Agency. *See id.*

7    ("'[A]gency' means each authority of the Government of the United States, whether

8    or not it is within or subject to review by another agency[.]"). The plain text of the

9    APA requires an agency that receives a petition for rulemaking to consider it and

10   respond to it within a reasonable time. *See* 5 U.S.C. § 555(b) ("With due regard for

11   the convenience and necessity of the parties or their representatives and within a

12   reasonable time, each agency shall proceed to conclude a matter presented to it.").

13         17.    The APA also governs judicial review of federal agency action.  5

14   U.S.C. § 701 *et seq.*  It provides that a person suffering legal wrong because of

15   federal agency inaction or the inaction of an agency officer or employee in an official

16   capacity may petition for judicial review thereof. 5 U.S.C. § 702. The APA requires

17   a reviewing court to "compel agency action unlawfully withheld or unreasonably

18   delayed." 5 U.S.C. § 706(1).

19         18.    Courts have interpreted Section 555(b) to apply to petitions for

20   rulemaking. The United States Court of Appeals for the District of Columbia Circuit

Petition for Writ of Mandamus

1    has held that in cases brought under the APA seeking to "compel agency action

2    unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), when the agency

3    has failed to act within a "reasonable time," *id*. § 555(b), jurisdiction lies in the

4    district court. *In re Natural Resources Defense Council*, 645 F.3d 400, 406 (D.C.

5    Cir. 2011); *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094,

6    1099-1100 (D.C. Cir. 2003).

7    19.    A federal agency must provide a definitive decision on a petition for

8    rulemaking. *See In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 418 (D.C.

9    Cir. 2004).

10    20.    The Mandamus and Venue Act, 28 U.S.C. § 1361, provides that "[t]he

11    district courts shall have original jurisdiction of any action in the nature of

12    mandamus to compel an officer or employee of the United States or any agency

13    thereof to perform a duty owed to the plaintiff."

14    21.    The United States Court of Appeals for the Ninth Circuit follows the

15    precedent set by the U.S. Court of Appeals for the District of Columbia Circuit in

16    *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir.

17    1984) ("*TRAC*") when evaluating a claim of unreasonable delay and deciding

18    whether to issue a writ of mandamus to compel agency action. *See, e.g., NRDC, Inc.*

19    *v. U.S. Envtl. Prot. Agency (In re Pesticide Action Network N. Am.)*, 798 F.3d 809,

20    813 (9th Cir. 2015); *see also Pac. Gas & Elec. v. FERC (In re Cal. Power Exch.*

1  *Corp.)*, 245 F.3d 1110, 1124 (9th Cir. 2001); *Brower v. Evans*, 257 F.3d 1058, 1068-

2  69 (9th Cir. 2001); *Indep. Mining Co. v. Babbitt*, 105 F.3d 502 (9th Cir. 1997).

3      22.    In *TRAC*, the D.C. Circuit established a six-factor test for courts to

4  consider in determining whether a federal agency's failure to respond to a petition is

5  unreasonable under the APA and warrants mandamus.  Those factors are as follows:

6          (1) the time agencies take to make decisions must be governed by a rule
7          of reason;
8          (2) where Congress has provided a timetable or other indication of the
9          speed with which it expects the agency to proceed in the enabling
10         statute, that statutory scheme may supply content for this rule of reason;
11         (3) delays that might be reasonable in the sphere of economic regulation
12         are less tolerable when human health and welfare are at stake;
13         (4) the court should consider the effect of expediting delayed action on
14         agency activities of a higher or competing priority;
15         (5) the court should also take into account the nature and extent of the
16         interests prejudiced by delay; and
17         (6) the court need not find any impropriety lurking behind agency
18         lassitude in order to hold that agency action is unreasonably delayed.
19
20  *TRAC*, 750 F.2d at 80.

21      23.    The D.C. Circuit has described the first of the *TRAC* factors - that the

22  time agencies take to make a final decision must be governed by a rule of reason -

23  as the most important factor.  *In re Core Communications, Inc.*, 531 F.3d 849, 855

24  (D.C. Cir. 2008).  Inordinate agency delay frustrates congressional intent by forcing

25  a breakdown of regulatory processes.  *In re Int'l Chem. Workers Union*, 958 F.2d

26  1144, 1149 (D.C. Cir. 1992).   A reasonable time for agency action is typically

27  counted in weeks or months, not years.  *In re Am. Rivers & Idaho Rivers United*,

1    372 F.3d 413, 419 (D.C. Cir. 2004); *see Midwest Gas Users Assoc. v. Federal*

2    *Energy Regulatory Commission*, 833 F.2d 341, 359 (D.C. Cir. 1987) ("This court

3    has stated generally that a reasonable time for an agency decision could encompass

4    months, occasionally a year or two, but not several years or a decade.").

5          24.    Applying a rule of reason, it is unreasonable for the EPA to take almost

6    four years to decide whether it will commence the rulemaking process.  *See, e.g.,*

7    *Pub. Citizen Health Research Grp. v. Auchter,* 702 F.2d 1150, 1158 (D.C. Cir. 1983)

8    (finding a three-year delay to be "simply too long"); *MCI Telecomms. Corp. v. Fed.*

9    *Communications Comm'n.*, 627 F.2d 322, 325 (D.C. Cir. 1980) (finding a delay of

10   four years to be unreasonable); *see also Pub. Citizen v. Heckler*, 602 F. Supp. 611,

11   613 (D.D.C. 1985) (finding a delay of only five months to be unreasonable, and

12   ordering the agency to publish a proposed rule within sixty days and expeditiously

13   complete the rulemaking process).

14                              **STATEMENT OF FACTS**

15         25.    On May 1, 2017, Plaintiffs presented a Petition to Reconsider

16   Endangerment and Cause or Contribute Findings for Greenhouse Gases Under

17   Section 202(a) of the Clean Air Act, 74 Fed. Reg. 66,496 (Dec. 15, 2009), Docket

18   No. EPA-HQ-OAR-2009-0171; FRL-9091-8; RIN 2060-ZA14 ("Endangerment

19   Finding") to the United States Environmental Protection Agency.  Copies of the

20   petition were presented to the EPA Administrator, Administrator of the Office of

Petition for Writ of Mandamus

1    Information and Regulatory Affairs within the Office of Management and Budget,

2    Acting Director of the President's Council on Environmental Quality, and Acting

3    Assistant Administrator of the Office of Air and Radiation.  The rulemaking petition

4    is attached to this petition as Exhibit A.  The cover letter that accompanied the copy

5    of the rulemaking petition presented to the EPA Administrator is attached as Exhibit

6    B.

7        26.    In their rulemaking petition, Plaintiffs requested that the EPA

8    reconsider its finding under the Clean Air Act that greenhouse gases pose a danger

9    to human health and welfare, because when making the endangerment finding, the

10   EPA Administrator failed to submit the finding to the Science Advisory Board for

11   peer review as required 42 U.S.C. 4365(c)(1).  The plaintiffs noted that submission

12   to the Science Advisory Board is a nondiscretionary statutory mandate.

13       27.    On September 21, 2017, EPA acknowledged receipt of the

14   administrative petition with two letters from the Director of the Climate Change

15   Division of the Office of Air and Radiation.  The letters are attached to this petition

16   as Exhibit C.

17       28.    On January 19, 2021, almost four years after Plaintiffs submitted their

18   administrative petition, EPA denied the Plaintiffs' petition as well as several other

19   administrative petitions regarding the Endangerment Finding. A copy of the denial

20   is attached as Exhibit D.

Petition for Writ of Mandamus

29.    On March 23, 2021, EPA withdrew the denial dated January 19, 2021, stating that the denial "does not provide an adequate justification for denial."  The withdrawal of the denial also states that "EPA . . . intends to reassess the petitions and to issue a new decision in due course." A copy of the withdrawal of the denial is attached as Exhibit E.

30.    It has been three years and eleven months since the Plaintiffs submitted their administrative petition to EPA but EPA has failed to act because it has not yet provided a definitive response to the petition.

31.    Plaintiffs have no reason to believe that in the future EPA will act in a more timely or appropriate manner in responding to their petition.

Petition for Writ of Mandamus

**CLAIM FOR RELIEF**

**COUNT I: The Court should issue a writ of mandamus because
EPA's delay of three years and eleven months in acting definitively on the
administrative petition is unreasonable.**

32.    Plaintiff re-alleges and incorporates by reference each and every allegation described in the preceding paragraphs as though fully set forth herein.

33.    The Administrative Procedure Act provides a cause of action to a person suffering legal wrong because of an agency's inaction on a matter presented to it, or adversely affected or aggrieved by agency inaction that is unlawfully withheld or unreasonably delayed.  5 U.S.C. § 702, 706(1).

34.    Each plaintiff in this action is a "person" for the purpose of 5 U.S.C. § 702.

35.    The EPA is an agency subject to the requirements of the APA.  It has failed to act on the administrative petition for three years and eleven months.

36.    The Individual Defendant, in his official capacity as EPA Administrator, withdrew EPA's denial of the administrative petition, thereby continuing EPA's failure to act on the petition in a timely manner and extending that failure by two months, from January 19, 2021, to March 23, 2021, resulting in EPA's failure to act definitively on the petition to a total period of three years and eleven months.

37.    Defendants' duty to issue a definitive ruling on Plaintiffs' administrative petition without unreasonable delay is nondiscretionary.

38.    Defendants' inaction on the administrative petition has injured, and will continue to injure Plaintiffs, unless relief is granted by this Court.  Defendants' unreasonable delay injures Plaintiffs by creating uncertainty for the Plaintiffs, who must incorporate into their current daily activities and future planning the effect of federal agency decision-making based upon the illegally promulgated Endangerment Finding.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

A.    Issue a writ of mandamus finding that Defendants have unreasonably delayed acting upon Plaintiffs' administrative petition contrary to the requirements of the Administrative Procedure Act and ordering Defendants to issue a definitive ruling on the petition by a date certain;

B.    Award Plaintiffs attorneys' fees, costs, and expenses in this action, as authorized by law; and

C.    Award such further legal and equitable relief as the Court deems just and proper.

DATED:  April 22, 2021              Respectfully submitted,

                                    */s/ Theodore Hadzi-Antich*
                                    THEODORE HADZI-ANTICH

1
2
3
4
5
6
7

Attorney for Plaintiffs Liberty Packing
Company LLC, Nuckles Oil Co., Inc. d/b/a
Merit Oil Company, Norman "R" Skip
Brown, Dalton Trucking Company, Inc.,
Construction Industry Air Quality Coalition,
Robinson Industries, Inc.

Petition for Writ of Mandamus

**CERTIFICATE OF SERVICE**

1

2      I hereby certify that on April 22, 2021, I electronically filed the foregoing

3   Petition for Writ of Mandamus, Exhibits A-E, and this Certificate of Service with

4   the Clerk of the Court for the United States District Court of the Eastern District of

5   California by using the CM/ECF system.  In accordance with Fed. R. Civ. Proc. 4, I

6   am causing to be served one true and correct copy of the filed documents via certified

7   mail, along with summons, on each of the following persons:

8   Michael S. Regan, Administrator
9   U.S. Environmental Protection Agency
10  Office of the Administrator
11  Mail Code 1101A
12  1200 Pennsylvania Avenue, N.W.
13  Washington, D.C. 20460
14
15  Melissa Hoffer, Acting General Counsel
16  U.S. Environmental Protection Agency
17  Office of General Counsel
18  Mail Code 2310A
19  1200 Pennsylvania Avenue, N.W.
20  Washington, D.C. 20460
21
22  Merrick B. Garland, Attorney General
23  U.S. Department of Justice
24  950 Pennsylvania Avenue, N.W.
25  Washington, D.C. 20530-0001
26
27  Phillip A. Talbert, Acting U.S. Attorney
28  United States Attorney's Office
29  Robert T. Matsui United States Courthouse
30  501 I Street, Suite 10-100
31  Sacramento, CA 95814
32                                    By: */s/Theodore Hadzi-Antich*
33                                      THEODORE HADZI-ANTICH